UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES D. SCHAEFFER                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:14cv945-DPJ-FKB

WARREN COUNTY, MISSISSIPPI and
WARREN COUNTY BOARD OF SUPERVISORS                                             DEFENDANTS

ORDER

This employment dispute is before the Court on Defendants Warren County, Mississippi, and the Warren County Board of Supervisors' Motion for Summary Judgment [25], pursuant to Federal Rule of Civil Procedure 56.  For the reasons that follow, the Court concludes that Plaintiff James D. Schaeffer has failed to establish a genuine issue of material fact as to either his age-discrimination claim or his overtime claim.  Defendants' Motion for Summary Judgment [25] is therefore granted on these issues.  Defendants have not, however, properly raised a motion regarding the retaliation claim.

I.        Facts and Procedural History

From 2006 through 2013, Plaintiff James Schaeffer (who is now 73) was employed as a licensed boat pilot for Defendant Warren County, Mississippi ("Warren County"), operating the Kings Point Island ferry.  Schaeffer and a second pilot, David Brewer, split time piloting the ferry to transport passengers, vehicles, and equipment across the Yazoo River from Warren County to Kings Point Island.  Schaeffer Dep. [28-1] at 13–19, 157; *see also* Poole Aff. [25-2] at 1.  In addition to the two staff pilots, the county also contracted with a substitute pilot from October through February—the busiest time of the year for the ferry—to fill in for the other pilots when they were unavailable.  Schaeffer Dep. [28-1] at 156–57.

In October 2013, Schaeffer complained to Buddy Poole, the manager of the county department that ran the ferry, that he was being denied six hours of overtime pay. *Id.* at 106–07. Then, on November 6, 2013, Schaeffer submitted a leave request form seeking vacation leave on December 1 and 2, 2013. *See* Def.'s Mot., Ex. D [25-4]. Earl Carson, Schaeffer's immediate supervisor, subsequently informed Schaeffer that Poole had denied his request for leave. Schaeffer Dep. [28-1] at 45–46; Poole Aff. [25-2] at 2.

Because the substitute pilot was unavailable during the requested leave days, Schaeffer asked Brewer to fill in and work Schaeffer's December 1 shift. *Id.* Brewer allegedly agreed, Schaeffer Dep. [28-1] at 56, 58–59, but Poole was never made aware of this agreement and did not reverse his denial of Schaeffer's leave request. Poole Aff. [25-2] at 2. Around the same time, Carson mistakenly told Schaeffer that Poole had hired a third staff pilot, Matthew Sanderson, who would start on December 2 and could cover Schaeffer's shift on that day. Schaeffer Dep. [28-1] at 49. In fact, Sanderson was only up for consideration and never began working for the County. *Id.* at 68–72; Poole Aff. [25-2] at 3.

Relying on Brewer and Carson's representations—but without clearing the matter with Poole—Schaeffer believed he had a "green light" to take vacation leave December 1 and 2. Schaeffer Dep. [28-1] at 53, 59–60. Unfortunately for him, Brewer was a no-show on December 1, and Sanderson was never actually hired. As a result, the County was forced to shut down the ferry, *id.* at 63; Poole Aff. [25-2] at 3, leaving people stranded on Kings Point Island and forcing the County to deal with numerous complaints. Poole Aff. [25-2] at 3; Schaeffer Dep. [28-1] at 95.

When Schaeffer returned to work on December 3, Poole terminated his employment pursuant to a Warren County personnel policy, which provides that "employees absent for two days without calling in will be removed from the payroll as 'resigned without notice.'" Poole Aff. [25-2] at 3; Schaeffer Dep. [28-1] at 77–78; *see also* Defs.' Mot., Ex. F [25-6].

On June 2, 2014, Schaeffer filed a Charge of Discrimination with the Equal Employment Opportunity Commission for age discrimination and retaliation and received a Notice of Right to Sue on October 30, 2014.  *See* Schaeffer Dep. [28-1] at 128–30; Compl., Ex. A [1-2]; Compl., Ex. B [1-3].  Schaeffer subsequently filed the instant action, in which he alleged that Defendants violated:  (1) the Age Discrimination in Employment Act (ADEA) by terminating his employment because of his age; (2) the Fair Labor Standards Act (FLSA) by failing to pay overtime compensation; and (3) the FLSA's anti-retaliation provisions after he complained about Defendants denying his overtime pay.  Following discovery, Defendants moved for summary judgment on the first two claims, but failed to reference the FLSA retaliation claim.  The motion is now fully briefed, subject-matter jurisdiction exists, and the Court is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate '*specific facts* showing that there is a genuine issue for trial.'" *Id.* at 324 (emphasis added) (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, unsubstantiated assertions, and legalistic arguments are not sufficient. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

Moreover, Rule 56(c)(1), states that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to *particular* parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." (emphasis added). Rule 56(c)(3) adds that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Although the Court attempts to consider the record as a whole, there is no "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010) (citation and quotation marks omitted).

III.   Analysis

    A.   Age-Discrimination Claim

The ADEA prohibits discrimination in the workplace based on age and protects workers over the age of forty (40). 29 U.S.C. § 623. Because Schaeffer attempts to prove his claim of age discrimination through circumstantial evidence, his claim must be evaluated under the burden shifting analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under this framework, Schaeffer must first establish a prima facie case of age discrimination by showing: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class when he was discharged; and (4) he was either (i) replaced by someone outside of the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged due to his age. *Jackson*, 602 F.3d at 378. If he makes those showings, the burden shifts to Defendants to offer a legitimate, non-discriminatory reason for the employment action. *Moss v. BMC Software*, 610 F.3d 917, 922 (5th Cir. 2010). Schaeffer must then show that Defendants' purportedly legitimate reason is not the true reason, but is a mere pretext for discrimination. *Id.* To prevail on his ADEA claim, Schaeffer must ultimately prove by a preponderance of the evidence "that age was the 'but-for' cause of the challenged employer decision." *Id.* (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)).

        1.   Pretext Argument

Defendants assume Schaeffer can state a prima facie case, but contend that they terminated his employment for a legitimate, non-discriminatory reason—Schaeffer violated the County's personnel policy. Defs.' Mem. [26] at 5–6. Indeed, the following facts are undisputed: (1) Poole denied Schaeffer's leave request on November 12, 2013, Defs.' Mot., Ex. D [25-4]; (2)

County policy provides that "employees absent for two days without calling in will be removed from the payroll as 'resigned without notice,'" Defs.' Mot., Ex. F [25-6]; (3) Schaeffer did not appear for work for two days on December 1-2, 2013, *see* Schaeffer Dep. [28-1] at 59–60; (4) only Poole could grant a leave request, Poole Aff. [25-2] at 2; (5) Poole was not informed that Schaeffer would take leave those two days, *id.* at 2, 4; Schaeffer Dep. [28-1] at 59–60; (6) the absence caused a two-day break in ferry services leaving people stranded on Kings Point Island; Schaeffer Dep. [28-1] at 95; and (7) Defendants applied the policy consistently.[1]

In addition to these undisputed facts, Poole testified via affidavit that at the time he removed Schaeffer from the payroll, he "believed in good faith that he had intentionally defied my decision regarding his leave request and that his absences were unexcused." Poole Aff. [25-2] at 4. Based on all of this, Defendants easily meet their burden of producing a legitimate non-discriminatory reason for the decision. The burden therefore reverts to Schaeffer to show pretext. Schaeffer has not met this burden.

Schaeffer contends that Defendants' reason for the termination—violating County policy—is a pretext because "there is circumstantial evidence that Mr. Poole is not being honest." Pl.'s Mem. [29] at 3. Specifically, Schaeffer notes that he never received a phone call on December 1 or 2 asking him to return to work—presumably suggesting Defendants were not interested in seeking his return—and that Poole remains employed by Warren County, thus

---

[1] Schaeffer admitted in his deposition that many other employees were terminated pursuant to this policy and that he was unaware of any comparable employees outside of his protected class who violated the policy without being terminated. *Id.* at 138–39; *see also* Poole Aff. [25-2] ("We have applied this policy repeatedly and consistently to other [] department employees and I had no choice but to likewise apply the policy to Schaeffer as a result of his two unexcused absences.").

giving him "an interest to lie about his actions and protect his job." *Id.*

These arguments are insufficient. "In order to rebut a defendant's showing of legitimate, nondiscriminatory reasons for its actions, [i]t is not enough . . . to *dis* believe the employer. Instead, the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Warren v. City of Tupelo Miss.*, 332 F. App'x 176, 181 (5th Cir. 2009) (citation and internal quotation marks omitted). Here, Schaeffer makes his arguments without citation to the record and otherwise offers no evidence from which a reasonable factfinder could believe his explanation. *See* Fed. R. Civ. P. 56(c)(1), (c)(3). Absent supporting record evidence and without any proof suggesting discriminatory animus, the Court is essentially left with Schaeffer's subjective belief that his discharge was based on his age. But such beliefs are "simply insufficient to establish an ADEA claim." *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1164 (5th Cir. 1993).

And to extent Schaeffer argues that he did not violate policy because he relied on misinformation from others, he has not shown that Poole, the decisionmaker, based the decision on age. "Generally denying the alleged wrongdoing upon which the termination was based is not sufficient to rebut a defendant's reasons for terminating a plaintiff." *Stallworth v. Singing River Health Sys.*, No. 1:10CV123-HSO-JMR, 2011 WL 2532473, at *3 (S.D. Miss. June 24, 2011). This is true because "[o]ur anti-discrimination laws do not require an employer to make proper decisions, only non-[discriminatory] ones." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) (citing *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (stating that "even an incorrect belief that an employee's performance is inadequate" is a legitimate reason)). Here, Schaeffer has not rebutted Poole's affidavit stating that at the time of

the termination decision, "I believed in good faith that [Schaeffer] had intentionally defied my decision regarding his leave request and that his absences were unexcused. I had no knowledge that he allegedly believed that his absences had been excused because of arrangements for other pilots to work his shift." Poole Aff. [25-2] ¶ 8.

In the end, Schaeffer's assertions are simply insufficient to show pretext. As stated previously, conclusory allegations, speculation, and subjective assertions are insufficient to demonstrate a genuine issue for trial. *See Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (holding that "improbable inferences and unsupported speculation are not proper summary judgment evidence." (citation and internal quotation marks omitted)). Accordingly, Schaeffer has failed to meet his burden of proving that age was the but-for cause of Defendants' decision to terminate his employment as required to survive summary judgment.

2. Cat's Paw Argument

Schaeffer also asserts for the first time in his Response that he can prove his case via a cat's paw theory. Pl.'s Resp. [29] at 4. Specifically, he contends that misinformation from his immediate supervisor Carson was the proximate cause of the adverse employment action. *See id.* As an initial matter, it is not clear that the Court should even entertain this argument because "[a] claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Consequently, "district courts do not abuse their discretion when they disregard claims *or theories of liability* not present in the complaint and raised first in a motion opposing summary judgment." *Id.* (emphasis added). Because Schaeffer did not reference a cat's paw theory until his summary judgment response, it is not properly

before the Court.[2]

Additionally, even if this theory were properly before the Court, it suffers from the same flaws as Schaeffer's previous argument. Schaeffer's cat's paw analysis spans a single, three-sentence paragraph and provides no citations to the record evidence. More importantly, it is directly contradicted by statements Schaeffer made in his deposition, including that Carson was "on my side," Schaeffer Dep. [28-1] at 49, and "didn't have nothing to do with this." *Id.* at 64. As such, Schaeffer is unable to state a plausible claim to relief on this basis. The Motion is granted as to the ADEA claim, which will be dismissed with prejudice.

B.   FLSA Claims

1.   Overtime Claim

In the Complaint, Schaeffer averred that Warren County violated the FLSA by failing to pay overtime compensation. In response to Defendants' Motion, however, Schaeffer now concedes this claim. It is therefore dismissed with prejudice.

2.   Retaliation Claim

Plaintiff's FLSA retaliation claim is not before the Court. In their original summary-judgment motion, Defendants stated: "Plaintiff's *overtime claim* under the Fair Labor Standards Act should be dismissed . . . ." Defs.' Mot. [25] ¶ 2 (emphasis added). Defendants made no

---

[2]It should also be noted that the Fifth Circuit has not decided whether the cat's paw theory remains viable in age-discrimination cases after the Supreme Court's decisions in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), and *Staub v. Proctor Hospital*, 562 U.S. 411 (2011). *See Zamora v. City of Houston*, 798 F.3d 326, 333 n.4 (5th Cir. 2015) (declining to decide whether to extend cat's paw theory to ADEA claims); *Holliday v. Commonwealth Brands, Inc.*, 483 F. App'x 917, 922 n.2 (5th Cir. 2012) (noting that Fifth Circuit's prior recognition of cat's paw liability under the ADEA could be incorrect). Because Schaeffer's claim fails for other reasons, the Court need not decide this issue.

reference to the FLSA retaliation claim in that motion.  *See id.*  Defendants likewise offered no argument for dismissing the FLSA retaliation claim in their legal memorandum.  *See generally* Defs.' Mem. [26].  It was only after Schaeffer observed the limited scope of Defendants' motion that they first argued for dismissal of the retaliation claim, contending that "[o]bviously, it is elementary that his FLSA retaliation claim must also be dismissed since Schaeffer apparently now agrees that he was not covered by the overtime provisions of the Act."  Defs.' Reply [21] at 6.

As a general rule, district courts "refuse to consider arguments raised for the first time in reply briefs."  *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008).  And even considering Defendants' reply, they offer no legal authority or analysis to support their argument, which may be flawed in any event.  *See Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550–51 (5th Cir. 1966) (suggesting that FLSA retaliation provisions apply to excluded employees).  The Court has not researched this issue because neither party has briefed it.  The FLSA retaliation claim survives.

IV.   Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Court finds that Defendants' Motion for Summary Judgment [25] should be granted.  Schaeffer's claims covered by that Motion are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2016.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE