UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES D. SCHAEFFER                                                                                      PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:14cv945-DPJ-FKB

WARREN COUNTY, MISSISSIPPI and
WARREN COUNTY BOARD OF SUPERVISORS                                          DEFENDANTS

ORDER

This employment dispute is before the Court on Defendants Warren County, Mississippi, and the Warren County Board of Supervisors' Motion for Reconsideration [34]. Having fully considered the premises, the Court concludes that the Motion should be denied.

I.      Background

From 2006 through 2013, Plaintiff James Schaeffer was a licensed boat pilot for Defendant Warren County, Mississippi ("Warren County"). He lost his job after failing to appear at work for two days. Aggrieved, Schaeffer brought this suit contending that Defendants violated: (1) the Age Discrimination in Employment Act (ADEA) by terminating his employment because of his age; (2) the Fair Labor Standards Act (FLSA) by failing to pay overtime compensation; and (3) the FLSA's anti-retaliation provisions by terminating his employment shortly after he complained about entitlement to overtime pay.

Following discovery, Defendants moved for summary judgment. Their motion [25] and supporting memorandum [26] addressed the ADEA claim and "Plaintiff's overtime claim under the Fair Labor Standards Act . . . ." Defs.' Mot. [25] ¶ 2. Neither the motion nor the memorandum mentioned the retaliation claim. After briefing, the Court granted Defendants' motion with respect to the ADEA and overtime claims but ruled that the FLSA retaliation claim should proceed to trial. Defendants now seek reconsideration of that finding.

II.     Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citation and internal quotation marks omitted).

III.    Analysis

    A.      Delinquent Arguments

Plaintiff's Complaint alleges two FLSA violations. First, Plaintiff alleges that Defendants failed to provide him overtime pay he was due. *See* Compl. [1] ¶¶ 13–17. Second, Plaintiff alleges that Defendants terminated his employment "after complaining about not receiving overtime pay." *Id.* ¶ 19. In their summary-judgment motion, Defendants expressly referenced "Plaintiff's overtime claim" under the FLSA. Defs.' Mot. [25] ¶ 2. Similarly, Defendants' initial legal memorandum included a section dedicated to Plaintiff's claim that Defendants "failed to pay him overtime compensation in the amount of $49.65." Defs.' Mem. [26] at 10. Defendants argued that Schaeffer was a seaman and therefore exempt from claiming overtime compensation under 29 U.S.C. § 207. *Id.* at 10–12. Defendants concluded this portion

of their memorandum by arguing that Schaeffer's "claim of overtime payments in the amount of $49.65 should be denied as a matter of law . . . ." *Id.* at 12.

At no time in their motion or memorandum did Defendants mention "retaliation" or reference the anti-retaliation provisions found in 29 U.S.C. § 215(a)(3). Plaintiff noted this omission in his summary-judgment response, stating that the retaliation claim therefore survives. Defendants then replied that Plaintiff's exempt status also blocks his FLSA retaliation claim, but offered no support for that argument. *See* Defs.' Reply [31] at 6.

Because Defendants waited until their summary-judgment reply to mention the retaliation claim, and then offered no authority for it, the Court found that the issue was not properly raised. *See* Feb. 2, 2016 Order [33] at 9 (citing *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (noting general rule in district courts to "refuse to consider arguments raised for the first time in reply briefs")).

Defendants now argue that [t]he Court . . . misapprehended the Defendants' position in its Motion as well as in its supporting Memorandum Brief," Defs.' Mot. [34] at 2, and that they "thought it was clear that their arguments in their opening summary judgment brief applied to all [FLSA] claims." Def.'s Reply [36] at 1.

A proper Rule 56 motion requires more. "A party may move for summary judgment, identifying *each claim* or defense—or the *part of each claim* or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). And, as the Supreme Court stated in *Celotex Corp. v. Catrett*, the movant "bears the initial responsibility of informing the district court of the basis for its motion . . . ." 477 U.S. 317, 323 (1986). Here, Defendants plainly sought dismissal of the "claim of overtime payments in the amount of $49.65." Defs.' Mem.

3

[26] at 12.  This argument cannot be construed as encompassing Plaintiff's separately pleaded retaliation claim.

Defendants offer a new argument in their reply to the instant motion, observing that the Court had discretion to consider the retaliation argument they first made in their summary-judgment reply.  There is authority for that discretion, but the cases generally require some notice to the non-movant.  *See* Defs.' Reply at 2 (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (finding no error in considering argument raised in reply where trial court granted plaintiff opportunity to file surreply)).  Defendants believe Plaintiffs had such notice and should have known that arguments regarding "overtime" were meant to cover "overtime retaliation."  *See* Defs.' Reply [36] at 1.  But again, overtime claims and retaliation claims are not the same thing and arise from distinct statutory provisions—only one of which Defendants addressed in their opening brief.

Defendants also argue that once the Court read their summary-judgment reply and realized that they intended for their overtime arguments to apply equally to the retaliation claim, the Court could have requested additional briefing.  Defs.' Reply [36] at 4.  That would have been an option, but Defendants' only argument in their summary-judgment reply was the exemption argument under § 207, and they offered no legal authority to support it.  When the Court researched that issue, it concluded that *Wirtz v. Ross Packaging Co.* foreclosed it.  *See* Feb. 2, 2016 Order [33] at 10 (citing 367 F.2d 549, 550–51 (5th Cir. 1966)).  Additional briefing did not seem warranted, so the retaliation claim survived summary judgment.

Now that the issue is before the Court on a motion for reconsideration, Defendants have offered legal authority in their reply brief, citing *York v. City of Wichita Falls, Texas*, 944 F.2d 236, 238 (5th Cir. 1991). Though this argument comes late in the day, if Defendants are correct, it would necessitate judgment in their favor at the close of evidence. Accordingly, the Court will examine *York* in the interest of judicial economy.

B.     *York*

In *York*, a fire battalion chief informed a superior officer that the United States Supreme Court had expanded overtime compensation to state employees in *Garcia v. San Antonio Metro Transit Authority*, 469 U.S. 528 (1985). 944 F.2d at 237–38. As a result, the city decreased the hourly wage rate for all firefighters, prompting a retaliation claim under § 8 of the 1985 Amendments to the FLSA. Section 8 added the following note to the FLSA's anti-retaliation provision, § 215(a)(3):

> A public agency which is a State, political subdivision of a State, or an interstate governmental agency and which discriminates or has discriminated against an employee with respect to the employee's wages or other terms or conditions of employment because on or after February 19, 1985, the employee asserted coverage under section 7 of the Fair Labor Standards Act of 1938 shall be held to have violated section 15(a)(3) of such Act.

Pub. L. No. 99–150, § 8, 99 Stat. 787, 791 (Nov. 13, 1985).

The district court in *York* concluded—as a matter of law—that fire captains and battalion chiefs were covered employees, so "the City was obligated to pay [them] overtime . . . ." *Id.* at 238. The Fifth Circuit reversed, finding that questions of fact precluded judgment in the plaintiffs' favor and remanded so the court could factually determine whether these employees were exempt. *Id.* at 242. In doing so, the Fifth Circuit stated:

> To prove that pre-enactment actions violated § 8, a plaintiff must show that (1) he or she is an employee covered by the act, (2) he or she asserted coverage under the FLSA on or after February 19, 1985, and (3) the state or local governmental employer's action was intended to discriminate because of the assertion of coverage.

*Id.* at 241. The exemption issue was apparently dropped on remand, but the Fifth Circuit reiterated this standard when the case was again appealed. *See York v. City of Wichita Falls, Tex.*, 48 F.3d 919, 921 (5th Cir. 1995).

The *York* test obviously addresses § 8 of the 1985 Amendments, which expired by its terms on August 1, 1986. Pub. L. No. 99–150, § 8, 99 Stat. 787, 791 (Nov. 13, 1985); *see also Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990). Defendants do not address this distinction, contending generally that *York* supports their exemption argument under § 215(a)(3).

Even if the *York* test remained valid after § 8 phased out, it is not clear whether it covered termination decisions under § 215(a)(3). The 1985 Amendments were designed to relieve the financial strain on public employers by giving them "certain exceptions and postponing the effective date of the FSLA's overtime obligations." *York*, 944 F.2d at 237. Section 8 of those amendments was a stop-gap measure designed to prohibit "the unilateral reduction of regular pay, which was intended to nullify the legislative application of overtime compensation." *Hill v. City of Greenville, Tex.*, 696 F. Supp. 1123, 1126 (N.D. Tex. 1988).

That is precisely what the *York* plaintiffs faced, a unilateral pay reduction. But some of those employees were exempt and therefore not entitled to overtime pay anyway. It is not clear that the same result would occur under § 8 or § 215(a)(3) had those exempt employees been

terminated.[1]  Regardless, *York*'s scope is clouded by the fact that the court neither analyzed the statutory basis for its prima facie test nor cited any legal authority for it.[2]

More to the point, any attempt to expand the *York* test from the now expired § 8 to § 215(a)(3) conflicts with the plain language of the relevant statutes.  To begin, Congress defined "employee" in the FLSA as "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  The FLSA then makes it unlawful for any person "to discharge or in any other manner discriminate against *any* employee because such employee has filed any complaint . . . under or related to this chapter . . . ."  29 U.S.C. § 215(a)(3) (emphasis added).

Words like "any" are obviously broad, but they must be limited in their application "to those objects to which the legislature intended to apply them."  *United States v. Palmer*, 3 Wheat. 610, 631 (1818) (Marshall, C.J.).  In the present context, Defendants contend that Plaintiff is not an "employee" under § 215(a)(3) because he is exempt under § 213(b)(6).  Defs.' Mot. [34] at 2.  But § 213(b)(6) states that "[t]he provisions *of section 207* of this title [providing right to

---

[1] Section 215(a)(3) expressly precludes retaliatory "discharge," whereas § 8 does not.

[2] A plain reading of § 8 seems to suggest that covered status was not required, because the section protected an "employee" who "asserted coverage," not a "*covered* employee" or an employee who "*correctly* asserted coverage" under the FLSA.  Pub. L. No. 99–150, § 8, 99 Stat. 787, 791 (Nov. 13, 1985).  And if the language is unclear, the conference committee issued a joint explanatory statement on § 8, stating that the anti-retaliation provision applies to adverse acts taken "in retaliation for an assertion that [the employees] are covered by the overtime provisions of the FLSA."  H.R. Rep. No. 99-357, at 8 (1985) (Conf. Rep.), *reprinted in* 1985 U.S.C.C.A.N. 668, 670.  In other words, mere assertion of status was sufficient.  The conference committee made that point clear when it specified the prima facie elements:  "The actual victims of discrimination must show that coverage was asserted and they also must show actual discrimination, *i.e.*, that the employer's actions constituted retaliation for the employee or employees' assertion of coverage and avoidance of the asserted protections of federal law.  If a court so finds, that conduct would be unlawful."  *Id.*  Contrary to *York*, the Conference Committee's articulation did not include proof that the employee correctly asserted coverage.

overtime] shall not apply with respect to . . . any employee employed as a seaman." (Emphasis added). On its face, § 213(b)(6) merely exempts a subset of employees from overtime pay under § 207—it does not exempt an "employee" from any other FLSA provision and makes no reference to retaliation claims under § 215(a)(3). Because Plaintiff was "employed by an employer," he fits the statutory definition of an "employee." 29 U.S.C. § 203(e)(1). And because § 215(a)(3) protects "*any* employee" from retaliation—not just "any *non-exempt or covered* employee"—he is likewise covered by the anti-retaliation provisions.

This same construction premised the Fifth Circuit's analysis in *Wirtz*. There, the court construed § 215(a)(3), concluding that it applies to employees who are not otherwise covered by the FLSA overtime provisions. The court held:

> [i]t is clear that the district court erred in holding that [plaintiff's] discharge was not in violation of Section 15(a)(3). Unlike the wage and hour provisions of Sections 6 and 7 of the Act, which apply only to an "employee . . . engaged in commerce or in the production of goods for commerce," the protections of Section 15(a)(3) apply, without qualification, to "any employee . . . ."

367 F.2d at 550–51. While *Wirtz* is admittedly in a slightly different context because the disqualification from overtime related to the commerce nexus rather than an exemption, the court's analysis of § 215(a)(3)'s text is equally applicable.

The *Wirtz* decision also seems more relevant to the present case than *York*, which addressed the now expired § 8. But to the extent *York* can be read as construing the elements under § 215(a)(3), it would improperly conflict with the *Wirtz* construction, which takes precedence. *See United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) ("[O]ur rule of orderliness directs that one panel of this court cannot overrule the decision of another panel" (citation and internal quotation marks omitted)).

And *York* also conflicts with the test for § 215(a)(3) claims employed in cases after *York* was decided. In *Hagan v. Echostar Satellite, L.L.C.*, the Fifth Circuit analyzed *York* for a different issue, but then adopted the following test for § 215(a)(3) claims:

> First, a plaintiff must make a prima facie showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. If a plaintiff meets this burden, the defendant must then articulate a legitimate, non-discriminatory reason for its decision.

529 F.3d 617, 624 (5th Cir. 2008); *see also Ardoin v. Police Jury of Evangeline Parish*, 547 F. App'x 401, 403 (5th Cir. 2013); *Miller v. Metro Ford Auto. Sales, Inc.*, 519 F. App'x 850, 851–52 (5th Cir. 2013); *Garner v. Chevron Phillips Chem. Co.*, 834 F. Supp. 2d 528 (S.D. Tex. 2011) (holding that "an employee's protected status . . . is based on engaging in a protected activity as defined by 29 U.S.C. § 215(a)(3)"). *Hagan* could have adopted the *York* test but did not, and it appears that no Fifth Circuit case has since applied that test.

In fairness, the exemption issue was not raised in *Hagan*. But other persuasive authority indicates that FLSA overtime coverage is not required under § 215(a)(3). *See Fezard v. United Cerebral Palsy of Cent. Ark.*, 809 F.3d 1006, 1011 (8th Cir. 2016) (finding plaintiff was exempt from overtime provisions but stated a prima facie case of retaliation under § 215(a)(3)); *Nightingale v. Wal-Mart Stores Inc.*, No. 1:13-cv-571, 2015 WL 1719421, at *2 (S.D. Ohio Apr. 15, 2015) (holding that "a plaintiff may assert a retaliation claim even where he is an exempt employee, so long as he establishes his prima facie case for retaliation") (citing *Visco v. Aiken County*, 974 F. Supp. 2d 908, 925 (D.S.C. 2013) (holding that "Plaintiffs' exemption from the protections of the overtime provisions of the FLSA does not preclude them from bringing a claim under the retaliation provision of the FLSA"); *Oberc v. BP PLC*, No. 4:13-CV-01382,

9

2013 WL 6007211, at *7 (S.D. Tex. Nov. 13, 2013) (allowing exempt employee to bring retaliation claim)); *Bryant v. Johnny Kynard Logging, Inc.*, 930 F. Supp. 2d 1272, 1290 (N.D. Ala. 2013) ("The retaliatory provision [of the FLSA] provides broader coverage than the minimum wage and hour provisions of the FLSA . . . ."); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012) (holding that "the law in the Eleventh Circuit [based on pre-split Fifth Circuit precedent] is clear that the lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim under 29 U.S.C. § 215(a)(3)") (citing *Wirtz*, 367 F.2d 549)); *Cedano v. Alexim Trading Corp.*, No. 11-20600-CIV, 2011 WL 5239592, at *4 (S.D. Fla. Nov. 1, 2011) (holding that "Plaintiffs' exemption from the protections of the wage and hour provisions of the FLSA does not preclude them from bringing a claim under the retaliatory firing provision of the FLSA"); *Obregon v. Jep Family Enters., Inc.*, 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010) ("The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'"); *Cantu-Thacker v. Rover Oaks, Inc.*, No. H-08-2109, 2009 WL 1883967, at *5 (S.D. Tex. June 30, 2009) (evaluating retaliation claim for employee ruled to be exempt); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008) (same); *see also* Employee's Protection Under § 15(a)(3) of Fair Labor Standards Act (29 U.S.C.A. § 215(a)(3)), 101 A.L.R. Fed. 220 (1991) ("An employer whose wage and hour policies do not violate the FLSA may still be liable for retaliation under § 215(a)(3), courts have held, where the employer discriminates against an employee for engaging in conduct based on a belief that the employer has violated the FLSA (§ 3)).

Given its remedial purposes, courts "construe the FLSA liberally in favor of employees." *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424 (5th Cir. 2006).  Here, the plain text of §§ 215(a)(3) and 213(b)(6) require no proof of coverage to bring a retaliation claim.  The Court agrees with the above cited authority, and concludes that *Wirtz* offers the correct construction of the statute.  To the extent *York* applies to § 215(a)(3) at all, it cannot trump the *Wirtz* construction.

      C.      Other Issues

Aside from the exemption argument, Defendants offer a few other contentions that are easily addressed.  First, they claim that they had no notice of the retaliation claim and no duty to substantively brief it until Plaintiff did so.  *See* Defs.' Mot. [34] at 2.  But the claim is clearly pleaded in paragraph 19 of the Complaint under the heading "[r]etaliation," and it is Defendants' duty to initially explain the basis of their motion.  *Celotex*, 477 U.S. at 323.

Second, they now claim that "the Court's conclusion that the Plaintiff's retaliation claim survives is entirely inconsistent with the other findings made by the Court in its Order."  *Id.*  More specifically, they contend that the retaliation claim follows the standard burden shifting analysis and that the Court has already ruled that Plaintiff failed to prove pretext with respect to his age claim.  *Id.* at 3.  Nothing prevented Defendants from making a pretext argument before the summary-judgment ruling, but the argument first appeared in their motion for reconsideration and is therefore too late under Rule 59(e).  *See Templet*, 367 F.3d at 479.  And in any event, burden shifting drops out of the case at trial, where the jury must "consider the ultimate question of whether a defendant took the adverse employment action against a plaintiff because of her protected status."  *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004) ("This

11

Court has consistently held that district courts should not frame jury instructions based upon the intricacies of McDonnell Douglas burden shifting analysis.").

Finally, the facts regarding the retaliation claim are not coterminous with those supporting the age claim. While Defendants suggest that the briefing should begin anew on this point, they should have raised the issue sooner. The argument was not raised before the summary-judgment ruling and was not finally briefed until the motion for reconsideration.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the results. And for the foregoing reasons, the Court finds that Defendants' Motion for Reconsideration is denied. The parties are instructed to contact the Courtroom Deputy to set this matter for trial.

**SO ORDERED AND ADJUDGED** this the 2nd day of June, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE